HARRY W. EKBERG, ADMINISTRATOR, APPELLEE, V. FRED C. LANCASTER, APPELLANT.

FILED DECEMBER 31, 1920.    No. 21223.

1. **Partnership:** DEATH OF PARTNER: RIGHT OF SURVIVOR TO ASSETS. On the death of a partner, the partnership assets, both real and personal, pass to the surviving partner, and he is entitled to the possession thereof, and to hold the same for the purpose of paying the firm debts and the residue for the benefit of himself and the estate of the deceased partner.

2. ———: ———: CONVERSION OF ASSETS BY SURVIVOR: REMEDIES: If, however, instead of gathering the assets, paying the debts, winding up the business and distributing the surplus, he converts the assets to his own use and mingles the proceeds with his own funds or commits such acts in relation to the same that they are wasted or dissipated, a court of equity may give appropriate relief. The partnership creditors or the administrator of the deceased partner may, in such case, obtain the appointment of a receiver and an accounting of the partnership affairs.

APPEAL from the district court for Adams county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*J. E. Willits,* for appellant.

*Stiner & Boslaugh, S. A. Dravo* and *W. M. Whelan,* contra.

TIBBETS, C.

Action by plaintiff as administrator of the estate of a deceased partner against the defendant, the surviving partner, for an accounting and for the appointment of a receiver of the partnership assets. Decree and judgment for plaintiff. Defendant appeals.

The plaintiff is the administrator of the estate of Nels H. Kronquest who, prior to his death on the 31st day of October, 1918, was a resident of Phelps county, Nebraska, and who at the time of his death was the senior member of the copartnership doing business under the firm name and style of Kronquest & Lancaster Auto Company, the junior

member of said copartnership being the defendant herein. The partnership was formed for the purpose of dealing in automobiles and automobile accessories, and their places of business were located in the city of Hastings, Nebraska, and the city of Holdrege, Nebraska. The petition in this action was filed on the 8th day of March, 1919.

The grounds on which the plaintiff seeks relief are: That at the time of the death of Kronquest the assets of the firm amounted to about $40,000 and the liabilities about $50,000; that defendant refused the plaintiff access to and examination of the books of the firm kept at Hastings, or any statement of the transactions of the firm at Hastings, which was under the special care and management of defendant; that the total assets of the firm were less than its liabilities; that the estate of the deceased partner is liable for the debts of the firm and that claims of the creditors of the copartnership have been filed against the estate; that the said defendant is insolvent; that defendant has neglected and refused to make an accounting to the plaintiff as administrator, though requested so to do; that defendant has converted the good will and the assets of the firm at Hastings to his own use, and is conducting the business at Hastings in his own name and for his own benefit, and has commingled and intermingled his own property and business with that of the copartnership; that he has not paid nor made any provision for paying the debts of the firm; that defendant is charging the said firm $150 a month for his services; that an advantageous offer has been made to the defendant for the assets of said firm, which he refuses; that defendant has sold and disposed of some of the assets of said firm and converted the proceeds to his own use; that defendant devotes his entire time and efforts to his individual business, and disregards and neglects to settle up the partnership business. Plaintiff prays for an accounting and the appointment of a receiver.

To this petition the defendant makes a special appearance, and therein insists that the plaintiff does not come in with clean hands, in that the plaintiff has taken and keeps

the defendant out of the possession of the assets of the copartnership, thereby preventing defendant from closing up said copartnership. This special appearance was overruled, and upon hearing a receiver was appointed. Defendant then filed objections to the bond of the receiver and motion to vacate the order appointing a receiver, both of which were overruled by the court.

The first question that presents itself to us is: Did the court have the power under the statutes of this state to appoint the receiver for the assets of the copartnership upon the death of one of the partners? Upon the solution of this question will determine the controversy whether or not the petition stated facts sufficient to warrant the court in overruling the defendant's appearance.

The following propositions are supported by ample and well-considered authorities: First, a partnership is dissolved by the death of one of the partners, under ordinary circumstances; second, the administrator of the estate of a deceased partner has no immediate right of possession in the assets of the firm; third, it is the duty of the surviving partner to wind up the business of the firm as soon as the circumstances will permit, and in so doing has the power to sell and transfer the assets of the partnership, including choses in action. In fact, the surviving partner, for the protection of such interest as he may have in the partnership and to secure himself from future liability for the payment of the partnership indebtedness, acts as a trustee for the interest of the estate of the deceased partner himself, and the creditors of the copartnership, and will be held to an accounting to the executor or administrator of the estate of the deceased partner, and as such trustee will, by the trust imposed, be held to a strict accountability. In view of the foregoing, can the surviving partner be deprived of this trust and the right of possession over the assets of the copartnership, and their disposition, for the purpose of closing up the partnership business? The possession and control of the partnership assets and business has been universally recognized to be

vested in the surviving partner. *Clark v. Fleischmann*, 81 Neb. 445. And the rule is based upon sound reason and a desire to maintain the rights of all interested parties, including creditors, and unless there has been committed some flagrant act on the part of the surviving partner in violation of his trust, the extraordinary remedy of the appointment of a receiver should not be resorted to. We are of the opinion that where the surviving partner, within a reasonable time, fails to settle the copartnership affairs, misappropriates partnership assets and converts them to his own use, a court of equity may interpose and give such relief as may seem necessary in the premises.

In the case of *Russell v. McCall*, 141 N. Y. 437, the court of appeals of that state held: "While, upon the death of one of two copartners, the successor has the legal title to the firm assets, he does not become the full and absolute owner thereof, but holds them charged with a duty to pay the firm debts and to dispose of the residue for the benefit of himself and the estate of the deceased partner, and when, instead of gathering the assets, paying the debts, winding up the business and distributing the surplus, he misappropriates them and converts them to the use of himself and others, he is so far guilty of a breach of trust that a court of equity may give appropriate relief." This rule is supported by a long line of decisions. 30 Cyc. 623; *Emerson v. Senter*, 118 U. S. 3; 4 Pomeroy, Equity Jurisprudence (4th ed.) sec. 1503; *Miller v. Jones*, 39 Ill. 54. It is not necessary to multiply authorities on this branch of the case to the effect that equity may interpose in cases of this character, and defendant has not cited us to any authorities holding the contrary. The fact that the surviving partner is entitled to the possession of the assets and to settle up the partnership business surely does not give him authority to convert the assets to his own use and benefit, or to squander the same. The creditors and parties interested in the deceased's estate have some rights; if their legal rights are inadequate, a court of equity can alone afford them relief. The challenge of

the defendant to the jurisdiction of the court as to the sufficiency of the petition was, in our opinion, without merit.

We now come to the question of the facts in the case. Plaintiff had, as we have indicated, filed a petition alleging facts which, being duly confirmed by proof, would entitle him to the relief prayed for. The principal grounds on which plaintiff relies to sustain his contention are: First, the defendant is insolvent; second, that he is engaged in conducting his own business and neglects that of the partnership; third, that the defendant made no effort for five months after the death of Kronquest to close up the business although he was offered the full purchase price for the goods; fourth, defendant converted funds of the partnership to his own use and benefit; fifth, for the refusal to allow the plaintiff, as administrator, access to and examination of the books of the firm. There were other allegations of the same nature, but they were incidental and embraced in the above. Evidence was presented to support plaintiff's allegations. We have examined the record and in the main we find that the contentions were substantiated by the testimony. The defendant offered no evidence in denial, but apparently relied on his objections to the petition. Defendant has raised the question that the position taken by the plaintiff does not put him in the category of those "who seek equity must do equity, and come into court with clean hands." This, no doubt, refers to the action of the plaintiff in refusing possession of the cars at Holdrege. We find no such violation of the maxim that the application of it would deprive plaintiff of his remedy herein. At the time the demand was made the Holdrege place of business was the principal place of business of the company; at their Hastings house they had no storage facilities. Further, it was manifest at that time that defendant was not trying to do what the law contemplates he should have done—closed up the business as soon as consistent. And it became the duty of plaintiff as trustee of the estate to prevent the copartner-

ship assets from being wasted. Finally, the placing of the assets in the hands of a receiver is, in effect, placing them in the hands of the court, and the plaintiff receives no personal benefit therefrom, but simply acts to preserve the property.

We find that the court did not abuse his discretion in his order appointing the receiver, and that the record shows no reversible error, and therefore recommend that the judgment of the district court be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.

DORSEY, C., not participating.