170 P.3d 282

**GRAVEL RESOURCES OF ARIZONA, an Arizona general partnership, Defendant/Counterclaim/Appellant,**

**Andrew S. Jackson and Colleen Jackson, husband and wife; and ACKA # 3 Limited Partnership, an Arizona partnership, Cross Defendants/Counter–Cross claimants/Appellants,**

**v.**

**A. Wayne HILLS and Elaine Hills, husband and wife; Hills Family Trust; Hills Family Limited Partnership, Defendants/Crossclaimants/Appellees.**

**No. 1 CA–CV 06–0620.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 6, 2007.

the trial court's order appointing a receiver to oversee Gravel's dissolution and winding up. For the reasons below, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The undisputed facts are as follows. In 1986, Jackson and A. Wayne Hills formed Gravel, a general partnership, as equal co-partners. Gravel was formed for the purpose of acquiring, owning and managing property capable of being mined. At the same time, Hills was also a general partner in a partnership with the Salt River Pima–Maricopa Indian Community ("SRPMIC") known as Salt River Sand & Rock ("SRSR").[1] In 1989, SRSR leased land from Gravel for the purpose of mining it for a ten-year period. In 1993, SRSR bought Hills' partnership interest in SRSR and made him its general manager. In 1999, Hills, as SRSR's general manager, extended the mining lease for another ten-year term. In March 2003, SRSR placed Hills on administrative leave and eventually fired him in July of 2003. A dispute arose between Gravel and SRSR regarding SRSR's royalty payments under the lease and SRSR stopped making royalty payments in April 2003. SRSR sued Gravel, Jackson and Hills claiming breach of contract and seeking repayment of approximately one million dollars. The complaint also asserted claims for breach of fiduciary duty against Hills for wrongful actions he allegedly committed while general manager of SRSR.

¶3 Gravel filed an amended separate answer and counterclaim that asserted claims against SRSR for failing to pay profits and royalties to Gravel under the leasing agreement. Hills filed a separate amended answer and counterclaim alleging that SRSR failed to pay him amounts due under the contract. SRSR then "filed a third-party complaint for judgment over [and] against Hills in the amount of any recovery by Gravel … on its counterclaim against SRSR."

Wright & Associates by Lawrence C. Wright, Ryan P. Dyches, Mesa, Attorneys for Defendant/Counterclaimant/Appellant.

Porter Law Firm by Robert S. Porter, Phoenix, Attorneys for Cross–Defendants/Counterclaimants/Appellants.

Bonn & Wilkins, Chartered, by Brian J. Campbell, Robert J. Moon, Phoenix, Attorneys for Defendants/Crossclaimants/Appellees.

SNOW, Judge.

¶1 Gravel Resources of Arizona ("Gravel"), Andrew S. Jackson, Colleen Jackson and ACKA # 3 Limited Partnership appeal from

---

**1.** All parties to this action acknowledge that they consented to the dual roles of Hills acting as the general partner of Gravel as well as the general manager of SRSR.

¶ 4 Subsequently, SRSR and Hills, personally, not as a partner in Gravel, entered a settlement agreement. Among other things, the Hills/SRSR settlement agreement provided that Hills would: 1) pay SRSR $750,000.00; 2) indemnify SRSR for no more than five million dollars for damages Gravel might recover in this lawsuit; 3) pursue SRSR's claims against Gravel to final resolution; 4) pay all costs to defend SRSR's counterclaim against Gravel; and 5) assign all of his partnership interest in Gravel to SRSR. The next day Hills moved for permission to assert a cross-claim against Jackson for judicial dissolution of Gravel and for the appointment of a receiver.

¶ 5 The trial court granted the application to appoint a receiver for Gravel, and entered its order to that effect six months later. Appellants[2] timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(F)(2) (2003).

## ANALYSIS

¶ 6 Appellants contend that the trial court erred when it appointed a receiver to manage the dissolution and winding up of Gravel's affairs. The trial court has discretion to appoint a receiver and, generally, we review the appointment of a receiver for abuse of the court's discretion. *Mosher v. Lount,* 29 Ariz. 267, 275, 240 P. 1027, 1029 (1925); *see also* A.R.S. § 12–1241 (2003) ("The superior court or a judge thereof may appoint a receiver to protect and preserve the property or the rights of parties therein."). However, "when a judge commits an error of law ... in the process of reaching [a] discretionary conclusion, he may be regarded as having abused his discretion." *Twin City Fire Ins. Co. v. Burke,* 204 Ariz. 251, 254, ¶ 10, 63 P.3d 282, 285 (2003) (internal citations omitted); *see also Perguson v. Tamis,* 188 Ariz. 425, 427, 937 P.2d 347, 349 (App.1996).

¶ 7 Appellants assert that the trial court erred in appointing the receiver because Hills did not establish the legal requirements for the appointment of a receiver and the appointment deprives Gravel of its constitutional right to a trial by jury. *See* Ariz. Const. art. 2, § 23. Both of these questions are questions of law subject to our de novo review. *See Chartone, Inc. v. Bernini,* 207 Ariz. 162, 166, ¶ 8, 83 P.3d 1103, 1107 (App. 2004); *Twin City Fire,* 204 Ariz. at 254, ¶ 10, 63 P.3d at 285. We address Appellants' arguments in turn.

## I. Decline to Strike the Statement of Facts

¶ 8 As a preliminary matter, Appellants argue that Hills' statement of facts should be stricken for failing to comply with Arizona Rule of Civil Appellate Procedure 13(a)(4). We grant that motion in part. Rule 13(a)(4) requires that a statement of facts be relevant to the issues presented for review and that it have "appropriate references to the record." This is not a situation where Hills provided no citations to the record. *See Ashton–Blair v. Merrill,* 187 Ariz. 315, 316, 928 P.2d 1244, 1245 (App.1996) ("[W]e strike the Statement of Facts contained in the answering brief for failing to cite a single record reference."). While Hills could have included more references to the record in his statement of facts, we do not believe his omissions warrant striking the entire statement of facts.

¶ 9 We do, however, strike the portions of Hills' answering brief for which there is no support in the record. *See Flood Control Dist. of Maricopa County v. Conlin,* 148 Ariz. 66, 68, 712 P.2d 979, 981 (App.1985). On June 20, 2007, this court entered an order denying Appellants' motion to enlarge the record on appeal and granting Appellants' motion to strike documents appended to Hills' answering brief under tabs B, J, K, and

---

**2.** For purposes of appealing the appointment of the receiver, "Appellants" includes Jackson as an individual and Gravel. The parties disagree whether Gravel is a separate entity entitled to appeal. Arizona Rule of Civil Procedure 17(j) allows a partnership to sue or be sued. *See also* 2 Ariz. Practice 2d *Civil Trial Practice* § 10.1

(2001); A.R.S. § 29–1027(A) (1998) ("A partnership may sue and be sued in the name of the partnership."). Thus, Gravel is a party to this lawsuit and since "[a]n appeal may be taken by any party aggrieved by the judgment," Gravel can appeal from the order appointing the receiver. ARCAP 1.

L. Because paragraphs two and three on page eight (carrying over to the top of page nine) of the answering brief relate to tabs B, J, K, and L, which are not part of the record, we strike those paragraphs.

## II. The Trial Court Did Not Abuse its Discretion in Appointing the Receiver

¶ 10 Appellants argue that the trial court erred in appointing a receiver because, as a matter of law, there must be irreparable harm or lack of an adequate legal remedy before a receiver may be appointed. *See* 65 Am.Jur.2d *Receivers* § 23 (2001). Specifically, Appellants argue that neither of Hills' reasons for requesting the appointment of a receiver: 1) waste of partnership assets engendered by the lack of merit of Gravel's counterclaims; and 2) Gravel's refusal to provide him access to its records and litigation files, involve a threat of irreparable harm or the lack of an adequate legal remedy. In Arizona, however, a petitioner need not show irreparable harm or lack of an adequate legal remedy to obtain the appointment of a receiver. Section 12–1241 states that "[t]he superior court or a judge thereof may appoint a receiver to protect and preserve the property or the rights of parties therein, even if the action includes no other claim for relief." When a statute is clear and unambiguous, we apply its plain meaning. *Hourani v. Benson Hosp.*, 211 Ariz. 427, 430, ¶ 7, 122 P.3d 6, 10 (App.2005). On its face, A.R.S. § 12–1241 requires no showing of irreparable harm or lack of an adequate legal remedy. Prior to its amendment in 1993, the statute provided that a receiver could be appointed "when no other adequate remedy is given by law." Ariz. Rev.Code § 3881 (1928), *amended by* ch. 43, § 1, 1993 Ariz. Sess. Laws. In revising the statute, however, the Legislature deleted that language.

¶ 11 The "decision to delete language . . . is strong evidence that [the] Legislature did not intend [the] omitted matter should be effective." *Stein v. Sonus USA, Inc.*, 214 Ariz. 200, 203, ¶ 11, 150 P.3d 773, 776 (App. 2007) (internal citations omitted); *see also* 2 Ariz. Practice 2d § 4.6 (2007) ("This statutory elimination of the 'no other adequate remedy at law' requirement would appear to broaden the universe of cases in which a receiver may be appointed."). We so construe the statutory deletion here. In our view, the Legislature made it clear by deleting the omitted language that the lack of an adequate legal remedy is no longer a requirement for obtaining the appointment of a receiver. The statute simply requires the trial court to determine that the property or the rights of the parties need protection. That is what the trial court did here.

¶ 12 The decision to appoint a receiver "rests in the sound legal discretion of the trial court." *D & S Farms v. Producers Cotton Oil Co.*, 16 Ariz.App. 180, 182, 492 P.2d 429, 431 (1972); *see also Mosher*, 29 Ariz. at 275, 240 P. at 1029; *United Sanders Stores v. Messick*, 39 Ariz. 323, 6 P.2d 430 (1931). With regard to partnerships, "[i]t is universally held that when a partnership is dissolved and the partnership affairs are to be wound up, if it appears that the best method of protecting the partnership assets until they may be finally divided is to place them in the hands of a receiver, under the jurisdiction of the court, this may be done." *Ackel v. Ackel*, 57 Ariz. 14, 22–23, 110 P.2d 238, 242 (1941) (internal citation omitted). Here, as in *Ackel*, the trial court found that the best method of protecting Gravel's assets was to place them in the hands of a receiver.

¶ 13 The trial court not only found that Hills and Jackson have "diametrically opposed interests," it also found that as equal co-partners in Gravel, neither one of the partners "has a greater right than the other to cause the partnership to further his position over that of the other." Hills is an equal partner in Gravel, but his individual settlement with SRSR makes it in his interest to defeat Gravel's counterclaim against SRSR while simultaneously pursuing SRSR's claims against Gravel; thus, his interests are adverse to those of the partnership. And Hills' equal right to control the litigation and review attorney-client communications is, at best, inconsistent with his personal claims adverse to the partnership. Simultaneously, Hills asserts that Jackson, who is managing the partnership, is wrongfully using the litigation with SRSR to pursue inflated claims in an attempt to squeeze Hills out of the

partnership. Based on these facts, the trial court determined that such opposing interests were unmanageable and the receiver was appointed to wind down Gravel's affairs.

¶ 14 This court is bound by the trial court's findings of fact unless they are clearly contrary to the evidence. *See Polk v. Koerner*, 111 Ariz. 493, 494, 533 P.2d 660, 661 (1975). We examine the record only to determine whether substantial evidence exists to support the trial court's action. Substantial evidence is evidence which would permit a reasonable person to reach the trial court's result. *In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13, 975 P.2d 704, 709 (1999) (citations omitted). Here, the record clearly shows that Hills' and Jackson's interests are opposed. Based on this evidence, a reasonable person could reach the trial court's result. We find no abuse of discretion in this determination.

## III. The Receiver Has Discretion to Choose What Claims to Pursue and this Does Not Violate Appellants' Right to Trial by Jury

¶ 15 Paragraph 16 of the trial court's order states: "The Receiver shall have sole authority to determine the extent to which, if at all, Gravel Resources should continue to pursue claims against Salt River Sand & Rock under the Mining Lease Agreement. Such determination shall be made within 45 days after appointment."

¶ 16 When appointed, the receiver stands in the shoes of the entity it represents. *See O'Flaherty v. Belgum*, 115 Cal. App.4th 1044, 9 Cal.Rptr.3d 286, 324 (2004) (the "receiver ... stands in the shoes of the owner"). Further, "[a] general receiver takes the rights, causes and remedies ... which were available to those whose interests the receiver was appointed to represent. Accordingly, the property of an entity in receivership includes any causes of action available to that entity." 65 Am.Jur.2d *Receivers* § 100 (2001). Therefore, the receiver may bring or defend claims on a partnership's behalf. *See In re StatePark Bldg. Group, Ltd.*, 316 B.R. 466, 469 (N.D.Tex.2004) (finding that a receiver has the authority to commence a bankruptcy action); Ariz. R. Civ. P.

66(c)(1) ("receiver may ... commence and defend actions"). The receiver also has the right to settle any claim or potential claim the partnership may have. *See Fugazy Travel Bureau, Inc. v. State*, 188 So.2d 842, 844 (Fla.App.1966) (receiver may settle claims and compromise actions); *Matter of Liquidation of American Mut. Liab. Ins. Co.*, 417 Mass. 724, 632 N.E.2d 1209, 1214 (1994) (receiver has the authority to settle common claims). Thus, as manager of Gravel's property, which includes its counterclaims against SRSR, the receiver may determine whether to pursue or dismiss those claims.

¶ 17 The record does not reflect, as of yet, that the receiver has dismissed any of Gravel's claims against SRSR or the conditions of such a dismissal. All claims that the receiver pursues may be tried to a jury if the law otherwise allows. At this stage in the proceedings, the statute only gives us jurisdiction to review the appointment of the receiver. A.R.S. § 12–2101(A), (F)(2) ("An appeal may be taken to the court of appeals from the superior court ... [f]rom an order: ... appointing a receiver."). We have no jurisdiction at this time to evaluate the receiver's performance.

¶ 18 The trial court found that Hills and Jackson have opposing interests sufficient to support the appointment of a receiver and this finding is supported by the facts. We therefore find that the trial court did not abuse its discretion in appointing the receiver.

### CONCLUSION

¶ 19 For the foregoing reasons, we affirm the trial court's order appointing a receiver to oversee the dissolution and winding up of Gravel.

CONCURRING: PHILIP HALL, Presiding Judge, and MAURICE PORTLEY, Judge.