NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CAPITAL FUND II LLC,
*Plaintiff/Appellee*,

*v.*

THIRUSELVAM SAKTHIVEIL,
*Defendant/Appellant*,

AVANT GARDE RESIDENTIAL
MANAGEMENT SERVICES LLC,
*Receiver/Appellee*.

No. 1 CA-CV 17-0228
FILED 2-22-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-005564
The Honorable Lori Horn Bustamante, Judge
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Gammage & Burnham, PLC, Phoenix
By Kevin J. Blakley, Gregory J. Gnepper
*Counsel for Plaintiff/Appellee*

Thiruselvam Sakthiveil, Phoenix
*Defendant/Appellant*

Law Offices of David L. Knapper, Phoenix
By David L. Knapper
*Counsel for Receiver/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

**¶1** Thiruselvam Sakthiveil appeals the superior court's appointment of a receiver and the denial of his motions to dissolve the receivership and to set aside trustee's sales of real property securing debts on which he had defaulted. We affirm the orders.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** Capital Fund I, LLC (collectively with Capital Fund II, LLC, "Capital Fund" unless otherwise stated) made three loans totaling $4,260,000 to Sakthiveil. The loans were secured by deeds of trust on 24 rental properties; each loan agreement contained a cross-default provision by which a default on any of the loans would constitute a default on all of them. Capital Fund I later assigned the loans to Capital Fund II.

**¶3** After Sakthiveil defaulted in July 2015, Capital Fund accelerated all three loans. Sakthiveil then filed for Chapter 11 bankruptcy protection. *See In re Sakthiveil*, No. 2:15-bk-12978-BKM (Bankr. D. Ariz. filed Oct. 9, 2015). After three hearings at which Sakthiveil was represented by counsel, the bankruptcy court found that Sakthiveil had "grossly mismanaged" the properties securing the loans. On April 22, 2016, that court lifted the automatic stay required by 11 U.S.C. § 362 (2018), specifically allowing Capital Fund to

> (a) seek[] and obtain[] the appointment of a state-court receiver to take possession of, preserve and protect, collect rents from, and take other actions with respect to the Real-Property Collateral; and (b) foreclose[] any liens under deeds

2

of trust . . . or other security instruments with respect to the Real Property Collateral, including initiating and completing non-judicial trustee's sales of the Real Property Collateral.

**¶4** Shortly thereafter, Capital Fund filed a complaint in superior court to have a receiver appointed pending its disposition of the properties. Sakthiveil – through counsel – stipulated to the need for such an appointment, and on May 3, 2016, the superior court appointed Avant Garde Residential Management Services, LLC as receiver. Six weeks later, Sakthiveil filed a motion *in propria persona* to dissolve the receivership, but the court summarily denied the motion, finding Sakthiveil had not alleged facts establishing cause to dissolve the receivership.

**¶5** The properties subject to the receivership were sold at trustee's sales in July 2016. More than a month later, Sakthiveil filed a "Motion to Reverse Foreclosure of Properties," asserting that Capital Fund had represented to him that it would cancel the "foreclosure auction" to allow him to find a buyer for the properties, and that based on that representation, he had agreed to dismiss his bankruptcy. Sakthiveil did not offer any evidence to support this contention, however, and the superior court denied the motion without comment.

**¶6** Capital Fund then moved to discharge the receiver and submitted the receiver's final accounting, which showed that all funds had been dispersed in October 2016. According to the motion, the receiver had prepared monthly accountings of rents and expenses and had mailed them to Sakthiveil. The superior court granted the motion and issued a final judgment discharging the receiver and dismissing the action. Sakthiveil timely appealed; we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018) and -2101(A)(1) (2018).[1]

## DISCUSSION

### A. The Receivership.

**¶7** Sakthiveil argues the superior court erred in appointing the receiver and by denying his subsequent motion to dissolve the receivership. The superior court has "discretion to appoint a receiver and, generally, we

---

[1] Absent material revision after the relevant date, we cite a statute's current version.

review the appointment of a receiver for abuse of the court's discretion." *Gravel Resources of Ariz. v. Hills*, 217 Ariz. 33, 36, ¶ 6 (App. 2007).

¶8         "The superior court or a judge thereof may appoint a receiver to protect and preserve property or the rights of parties therein, even if the action includes no other claim for relief."  A.R.S. § 12-1241 (2018).  "A receiver may take and keep possession of the property, receive rents, collect debts, and perform such other duties respecting the property as the court orders."  Ariz. R. Civ. P. 66(c)(1).  The receiver's authority derives from the court, and the receiver will "share the judge's judicial immunity so long as the receiver acts within the scope of the appointment order."  *Mashni v. Foster ex rel. County of Maricopa*, 234 Ariz. 522, 526-27, ¶ 15 (App. 2014) (quotation omitted).

¶9         Under § 12-1241, the superior court may appoint a receiver when it determines "that the property or the rights of the parties need protection."  *Gravel Resources*, 217 Ariz. at 37, ¶ 11.  Here, Sakthiveil stipulated through counsel to an order in which the court found "that no other adequate remedy exists for the protection and preservation of [Capital Fund's] rights with respect to the property."  The record supports this finding.  Sakthiveil does not dispute that he had defaulted on the loans, and, according to a declaration by a Capital Fund officer, several of the properties were in disrepair, with exposed electrical wiring and broken windows.  Because such conditions adversely affected the value of the properties, the court did not abuse its discretion in appointing a receiver to manage the properties until the trustee's sales.

¶10         Sakthiveil contends the superior court erred by denying his motion to dissolve the receivership because the receiver failed to collect rents, evict tenants in arrears or properly manage the properties.  He presented the superior court no evidence to support that contention, however, and his assertions are not borne out by the record.  The "February 2016 Cash Collateral Report" that Sakthiveil filed with the bankruptcy court shows the properties made a net income of $931 that month under Sakthiveil's management.  The receiver showed a net income of $3,679 in May 2016 – the first month of the receivership – $5,030 in June 2016, and $3,408 in July – the month of the trustee's sales.  Moreover, Sakthiveil offered no evidence that the receiver acted outside the scope of the appointment order, which allowed it, *inter alia*, to enter the premises, collect rents, negotiate leases and market the properties.  Nor did Sakthiveil offer evidence to support his assertion that any of the properties deteriorated due to action or inaction by the receiver.

**¶11** Finally, although Sakthiveil suggests the superior court should have dissolved the receivership on the basis that the receiver did not send him monthly accountings, it is not clear that any monthly accounting would have been due during the short period between the date the court appointed the receiver and the date Sakthiveil moved to dissolve the receivership.

## B. The Trustee's Sales.

**¶12** Sakthiveil also argues the court erred by denying his motion to "reverse" the trustee's sales of the properties.

**¶13** "The deed of trust scheme is a creature of statutes." *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 300, ¶ 9 (2012) (quotation omitted). A deed of trust conveys property to a trustee "to secure the performance of a contract." A.R.S. § 33-801(8) (2018); *see also Steinberger v. McVey ex rel. County of Maricopa*, 234 Ariz. 125, 132, ¶ 25 (App. 2014). The borrower, or trustor, retains possession and enjoys the benefits of the property, but transfers "bare legal title" to the trustee, who in turn holds the title for the beneficiary, the lender. *Steinberger*, 234 Ariz. at 132, ¶ 27. "By virtue of his position, a power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold . . . after a breach or default in performance of the contract or contracts[] for which the trust property is conveyed as security." A.R.S. § 33-807(A) (2018). Indeed, "[o]ne of the primary purposes served by a deed of trust is that it permits a non-judicial foreclosure sale." *Steinberger*, 234 Ariz. at 132, ¶ 26.

**¶14** Sakthiveil argues he agreed to dismiss his bankruptcy based on Capital Fund's assurance that it would allow him to find a private buyer for the properties. He made this same argument in a motion asking the bankruptcy court to "reverse" the sales, and that court rejected his contention as "not credible." Order Denying Reinstatement at 3, *In re Sakthiveil*, No. 2:15-bk-12978-BKM (Bankr. D. Ariz. Aug. 25, 2016), ECF No. 216. In denying his motion, the bankruptcy court ruled that dismissal of Sakthiveil's bankruptcy "had no bearing" on Capital Fund's right to proceed with the trustee's sales. *Id.*

**¶15** In any event, Sakthiveil waived any objection to the trustee's sales by failing to enjoin the sales. *See* A.R.S. § 33-811(C) (2018). "Where, as here, a trustee's sale is completed, a person subject to § 33-811(C) cannot later challenge the sale based on pre-sale defenses or objections." *BT Capital*, 229 Ariz. at 301, ¶ 11.

**CONCLUSION**

**¶16** For the foregoing reasons, we affirm the superior court's appointment of the receiver and its denial of Sakthiveil's motions to dissolve the receivership and to set aside the trustee's sales. We award Capital Fund its costs and reasonable attorney's fees on appeal pursuant to A.R.S. § 12-341.01(A) (2018) upon its compliance with Arizona Rule of Civil Appellate Procedure 21. We award Avant Garde Residential Management Services, LLC its costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA