382 P.3d 1226

**SOUTH POINT ENERGY CENTER, LLC, Plaintiff/Appellant,**

v.

**ARIZONA DEPARTMENT OF REVENUE, an agency of the State of Arizona; and Mohave County, a political subdivision of the State of Arizona, Defendants/Appellees.**

**Nos. 1 CA–TX 15–0005, 1 CA–TX 15–0006 (Consolidated)**

Court of Appeals of Arizona, Division 1.

FILED 11/3/2016

---

Steptoe & Johnson, LLP, Phoenix, By Pat Derdenger, Bennett Evan Cooper, Shannon E. Trebbe, Counsel for Plaintiff/Appellant

Arizona Attorney General's Office, Phoenix, By Kenneth J. Love, Kimberly Cygan, Counsel for Defendants/Appellees

Judge Peter B. Swann delivered the opinion of the court, in which Presiding Judge Patricia A. Orozco and Judge Andrew W. Gould joined.

## OPINION

SWANN, Judge:

¶1 South Point Energy Center, LLC ("South Point") appeals the tax court's entry of summary judgment in favor of the Arizona Department of Revenue and Mohave County (collectively, "Defendants") on South Point's actions challenging the assessment of property taxes. The tax court concluded that South Point was collaterally estopped from challenging the legality of the taxes and that relief was not available under the error-correction statutes. We disagree. First, issue preclusion did not apply because South Point's challenges were based on an issue not raised in previous litigation. Second, the alleged error falls within the broad category of mistakes for which relief is available under the error-correction statutes.

¶2 We vacate the judgments entered in favor of Defendants, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶3 South Point operates a power plant ("the Plant") on the Fort Mojave Indian Reservation. The Plant is located on land leased from the Fort Mojave Indian Tribe ("the Tribe"). The United States Department of the Interior holds the land in trust for the benefit of the Tribe.

¶4 South Point filed two actions in tax court, contesting Defendants' assessment of property taxes against the Plant for tax years 2010 and 2011 under A.R.S. § 42–16254(G) (which permits challenges to erroneously assessed taxes), and for tax years 2012 and 2013 under A.R.S. § 42–11005 (which permits recovery of illegally collected taxes). In both actions, South Point alleged that federal law preempts state and local taxation of the Plant.

¶5 Defendants moved to dismiss South Point's complaints, arguing that South Point was collaterally estopped from litigating the legality of the taxes based on the result of an earlier case decided against the former Plant owner, Calpine Construction Finance Company ("Calpine"), for earlier tax years. For tax years 2010 and 2011, Defendants alternatively moved to dismiss on the basis that South Point was not entitled to relief under the error-correction statutes, A.R.S. §§ 42–16251 to –16259.

¶6 Treating Defendants' motions as motions for summary judgment, the tax court held in favor of Defendants on both grounds. First, the court concluded that South Point's preemption challenges were precluded because the Calpine litigation determined taxability and "Calpine had a full and fair opportunity to raise [the preemption argument], but for whatever reason did not." Second, the court held that relief under the error-correction statutes was not available because based on the disposition in the Calpine litigation, there was no error.

¶7 The tax court denied South Point's motions for reconsideration. South Point filed timely notices of appeal from the final judgments entered in each action, and we consolidated the appeals.

## DISCUSSION

I. DEFENDANTS WERE NOT ENTITLED TO SUMMARY JUDGMENT BASED ON ISSUE PRECLUSION, BECAUSE PREEMPTION WAS NOT PREVIOUSLY LITIGATED.

¶8 We first address South Point's contention that the tax court erred by granting summary judgment based on issue preclusion. Our review is de novo. *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 8, 62 P.3d 966, 968 (App. 2003).

¶9 Issue preclusion requires that the issue or fact to be litigated was actually litigated in a previous suit, a final judg-

ment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment." *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). Issue preclusion "bars a party from relitigating an issue identical to one he has previously litigated to a determination on the merits in another action." *Barassi v. Matison*, 134 Ariz. 338, 340, 656 P.2d 627, 629 (App. 1982). The doctrine does not apply when the issue is not identical to the one previously litigated. *See Johnson v. O'Connor*, 235 Ariz. 85, 90, ¶ 20, 327 P.3d 218, 223 (App. 2014). In tax cases, therefore, "if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit." *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Issue preclusion "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding." *Id.* at 599, 68 S.Ct. 715.

¶10 Calpine filed an action in 2004 that challenged Defendants' taxation of the Plant under A.R.S. § 42–11005 for tax years 2003 and 2004. It alleged that the Tribe owned the improvements as well as the land, and argued that the Plant therefore was exempt from taxation. The tax court denied Calpine's motion for summary judgment and granted Defendants' competing motion, concluding that Calpine owned the improvements on the land and the improvements were subject to taxation. Calpine appealed, identifying the issue as "[w]hether, for Arizona property tax purposes, the [Plant] is deemed to be owned by the Tribe and therefore not subject to Arizona property taxation." We affirmed, concluding that the Plant was subject to state taxation because it was owned by Calpine rather than by the Tribe. *Calpine Constr. Fin. Co. v. Ariz. Dep't of Revenue*, 221 Ariz. 244, 246, 248–49, ¶¶ 1, 17–22, 211 P.3d 1228,

1230, 1232–33 (App. 2009). Our supreme court denied Calpine's petition for review.

¶11 South Point's complaints, unlike Calpine's, do not challenge taxation based on ownership. South Point instead argues that federal law preempts state and local taxation. Preemption was not litigated in the Calpine case—and contrary to the tax court's conclusion, the fact that it *could* have been litigated is of no consequence here. We offer no opinion as to the merits of South Point's preemption theory. But because the issue was not previously litigated, issue preclusion cannot bar it.[1] The law demands an adjudication on the merits before the tax may be held lawful. The tax court erred by granting summary judgment based on issue preclusion.

## II. DEFENDANTS WERE NOT ENTITLED TO SUMMARY JUDGMENT UNDER THE ERROR–CORRECTION STATUTES, BECAUSE THE ALLEGED PREEMPTION WOULD CONSTITUTE "ERROR" WITHIN THE MEANING OF THOSE STATUTES.

■ ¶12 We next examine whether Defendants were entitled to summary judgment for tax years 2010 and 2011 based on the tax court's conclusion that the error-correction statutes did not apply. Again, our review is de novo. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12, 69 P.3d 7, 9 (2003).

¶13 A.R.S. §§ 42–16251 to –16259 provide a "procedure for correcting of errors occurring in assessing or collecting property taxes, whether they inure to the benefit of the taxpayer or the government." *Lyons v. State Bd. of Equalization*, 209 Ariz. 497, 502, ¶ 21, 104 P.3d 867, 872 (App. 2005) (citing 1994 Ariz. Sess. Laws, ch. 323, § 53 (2d Reg. Sess.)). The tax court held that the error-correction statutes did not apply to South Point's claims because under *Calpine*, there was no error. But as we have discussed, *Calpine* did not decide the preemption issue underlying South Point's complaints.

■ ¶14 Until the preemption issue is resolved, it cannot be said that South Point is

---

1. We therefore need not reach South Point's alternative argument that issue preclusion did not apply because of an intervening change in the applicable legal context.

disqualified from relief under the error-correction statutes. We hold that the definition of "error" set forth in A.R.S. § 42–16251(3)(a)—"*any* mistake in assessing or collecting property taxes resulting from ... [a]n imposition of an *incorrect, erroneous or illegal tax rate* that resulted in assessing or collecting excessive taxes"—encompasses the type of error alleged by South Point. (Emphases added.) If the correct property tax rate is zero because of preemption, the imposition of any other tax rate is necessarily an illegal tax rate, and constitutes "error" under the statute. This interpretation "construes [the statute] in a way that gives meaning to all its words" and "remains true to the remedial intent of the error-correction statutes." *Pima Cnty. Assessor v. Ariz. State Bd. of Equalization*, 195 Ariz. 329, 336, ¶ 26, 987 P.2d 815, 822 (App. 1999); *see also Lyons*, 209 Ariz. at 502, ¶ 21, 104 P.3d at 872. We hold that the tax court erred by granting summary judgment to Defendants on the 2010 and 2011 error-correction claims.

## CONCLUSION

¶15 For the reasons set forth above, we vacate the judgments entered in favor of Defendants in both cases, and we remand for further proceedings.

¶16 South Point requests an award of attorney's fees on appeal under A.R.S. § 12–348(B)(1). That statute authorizes an award of attorney's fees to a taxpayer who "prevails by an adjudication on the merits" in an action challenging the assessment and collection of taxes. At this point, neither party has prevailed in the action on the merits. If South Point prevails on remand, the tax court may consider whether to grant South Point its appellate fees.