NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DOLUN CENITE, et al.,
*Plaintiffs/Appellants*,

*v.*

CARTER BURGESS, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 17-0524
FILED 9-27-2018

---

Appeal from the Superior Court in Maricopa County
No.  CV2015-010297
The Honorable Sherry K. Stephens, Judge
The Honorable Joshua D. Rogers, Judge

**AFFIRMED**

---

COUNSEL

Treon & Aguirre, PLLC, Phoenix
By Richard T. Treon
*Counsel for Plaintiffs/Appellants*

Wood, Smith, Henning & Berman, LLP, Phoenix
By Jodi L. Mullis
*Counsel for Defendant/Appellee Carter Burgess*

Clark Hill, PLC, Scottsdale
By P. Douglas Folk, William H. Breier
*Counsel for Defendants/Appellees DEI/Kinsey*

Schneider & Onofry, PC, Phoenix
By Jon D. Schneider, ReNae A. Nachman, Luane Rosen
*Counsel for Defendant/Appellee Tramonto*

Weiss Brown, PLLC, Scottsdale
By Brian J. Schulman, Nedda R. Gales
*Counsel for Defendant/Appellee Sonoran*

Goering, Roberts, Rubin Brogna, Enos & Treadwell-Ruben, PC, Tucson
By William L. Rubin
*Counsel for Defendant/Appellee Hoppe*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Randall M. Howe joined.

---

**J O H N S E N**, Judge:

¶1        Dolun Cenite appeals entry of summary judgment against him on his claims alleging negligent design of a street intersection. Cenite, who was severely injured in a collision at the intersection, first sued the City of Phoenix, alleging the intersection was negligently designed. After the jury found against him in that case, Cenite commenced this case against the designers of the intersection. The superior court granted the defendants' motion for summary judgment, concluding that issue preclusion barred Cenite from relitigating the negligent-design issue against these defendants. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Cenite was injured when his father, who was driving a car in which Cenite was a passenger, was unable to avoid a car making a left turn

2

in front of them. Cenite's mother sued the City on his behalf, alleging it negligently designed the intersection at which the crash occurred. In that lawsuit, the City asserted an affirmative defense under Arizona Revised Statutes ("A.R.S.") section 12-820.03(A) (2018).[1] That statute provides:

> A public entity or a public employee is not liable for an injury arising out of a plan or design for construction or maintenance of or improvement to transportation facilities, including highways, roads, streets, bridges or rights-of-way, if the plan or design is prepared in conformance with generally accepted engineering or design standards in effect at the time of the preparation of the plan or design and the public entity or public employee gives to the public a reasonably adequate warning of any unreasonably dangerous hazards which would allow the public to take suitable precautions.

¶3        In addressing fault and negligence at trial, the superior court began by instructing the jury:

> Fault is negligence that was a cause of the collision.

> Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. Negligence is the failure to act as a reasonably careful person would act under the circumstances.

When the court addressed Cenite's claim against the City, however, it gave an instruction that effectively imposed on Cenite the burden of disproving the City's affirmative defense:

> Plaintiff must prove:

> 1. The intersection was unreasonably dangerous because the plan or design of the left turn bays at the intersection was not

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

in conformance with generally accepted engineering or design standards at the time of the preparation of the plan or design . . . . [2]

¶4        The jury found in favor of the City by a general verdict, and we affirmed the judgment. *Cenite v. City of Phoenix* ("*Cenite I*"), 1 CA-CV 15-0136, 2016 WL 3463307, at *8, ¶ 41 (App. June 21, 2016) (mem. decision).

¶5        A year after the verdict in the first case, Cenite filed this case, alleging that each of the defendants was involved in negligently designing the intersection. The defendants moved to dismiss, arguing the jury in the prior case found that the intersection was not negligently designed and that finding precluded Cenite from relitigating the same issue in this case.

¶6        Pursuant to Arizona Rule of Civil Procedure 12(d), the superior court converted the motion to dismiss to a motion for summary judgment. The court then granted summary judgment to the defendants, ruling that the issue litigated in the first case was identical to the issue presented in the second. The court reasoned as follows:

> [T]he jury [in the prior case] necessarily had to conclude that the "plan or design of the left turn bays at the intersection was . . . in conformance with generally accepted engineering or design standards at the time of the preparation of the plan or design." If the "plan or design of the left turn bays at the intersection was . . . in conformance with generally accepted engineering or design standards at the time of the preparation of the plan or design[,]" the design was not and could not be negligent.

¶7        Cenite timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2018) and -2101(A)(1) (2018).

---

2        Cenite contends this jury instruction improperly shifted to him a burden to negate Phoenix's affirmative defense under § 12-820.03(A) and further contends that the instruction misstated negligence law through its use of the words "unreasonably dangerous." He did not raise those issues in his appeal from the judgment in favor of the City, and the propriety of the instruction is not before us in this appeal.

**DISCUSSION**

**¶8**  Entry of summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "We review a grant of summary judgment *de novo*, viewing the facts and inferences drawn therefrom in the light most favorable to the party against [whom] judgment was entered." *Earle Invs., LLC v. S. Desert Med. Ctr. Partners*, 242 Ariz. 252, 255, ¶ 13 (App. 2017). If no dispute of fact exists, we review *de novo* whether the superior court correctly applied the substantive law to those facts. *See Qwest Corp. v. City of Chandler*, 222 Ariz. 474, 477, ¶ 8 (App. 2009).

**¶9**  The doctrine of collateral estoppel, or issue preclusion, bars a plaintiff from relitigating an issue when (1) the plaintiff had a full opportunity to litigate the issue in a prior suit and actually litigated the issue; (2) the court in the prior suit entered final judgment; and (3) resolution of the issue was essential to that judgment. *See Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986). Issue preclusion, however, "does not apply when the issue is not identical to the one previously litigated." *S. Point Energy Ctr., LLC v. Ariz. Dep't of Revenue*, 241 Ariz. 11, 14, ¶ 9 (App. 2016).

**¶10**  As relevant here, the court instructed the jury in the prior case that it could find for Cenite only if he proved the intersection design did not conform to "generally accepted engineering or design standards at the time of the preparation of the plan or design." *See* § 12-820.03(A). To prevail against the defendants in this case, Cenite would have to prove, *inter alia*, that same contention – that the intersection did not conform to generally accepted engineering or design standards. *See Flagstaff Affordable Hous. Ltd. v. Design All., Inc.*, 223 Ariz. 320, 327, ¶ 36 (2010) ("design professionals have a duty to use ordinary skill, care, and diligence in rendering their professional services") (quoting *Donnelly Const. Co. v. Obert/Hunt/Gilleland*, 139 Ariz. 184, 187 (1984)); *Nat'l Hous. Ind., Inc. v. E. L. Jones Dev. Co.*, 118 Ariz. 374, 377 (1978); Rev. Ariz. Jury Instr. (Civil) Fault 1 (5th ed. 2013) ("Negligence is the failure to use reasonable care.").

**¶11**  Cenite argues the jury in the prior case was asked to decide whether the intersection was "unreasonably dangerous," not whether the intersection was negligently designed. He asserts the "unreasonably dangerous" requirement in the first line of the instruction recited above imposed on him a burden to prove more than mere negligence. The instruction in the prior case linked the two concepts, directing the jury to determine whether the intersection was unreasonably dangerous *because* its

design did not conform with generally accepted standards. Cenite seems to say that a jury in the prior case could have found that the intersection did not conform to generally accepted engineering and design standards but nevertheless was not unreasonably dangerous. There is no dispute, however, that the asserted negligence at issue in both cases was a failure to conform to prevailing standards concerning safety; a failure to comply with those standards necessarily would result in an intersection that was unreasonably dangerous.

## CONCLUSION

¶12        For the foregoing reasons, we affirm the judgment.



AMY M. WOOD • Clerk of the Court
FILED:  AA